**In re GOLD COAST SEED COMPANY, Debtor.**

**M. NOLDEN, Trustee, Plaintiff,**

v.

**VAN DYKE SEED COMPANY, INC., Defendant.**

**Bankruptcy No. 4–80–02038HN.
Adv. No. 4–80–00487AW.**

United States Bankruptcy Court, N.D. California.

July 1, 1983.

See also 30 B.R. 551; 24 B.R. 595.

Phelan, Stuppi & Sorensen by Michael St. James, San Francisco, Cal., for plaintiff.

Daniel R. Cowans, Inc. by Henry G. Rendler, San Jose, Cal., for defendant.

DECISION

CAMERON W. WOLFE, Bankruptcy Judge.

The cross-motions of the parties to the above-captioned adversary proceeding were heard on June 29, 1983. The Court finds that there are no triable issues of fact presented and that the pertinent facts are as follows:

Plaintiff entered into "forward contracts" for the purchase of seed on September 18, 1979, and November 7, 1979, at a fixed price; the seed to be shipped in November/December, 1979, and December 1979/January 1980—buyer's option, respectively.

Defendant invoiced debtor for the seed at the agreed price by invoice dated February 12, 1980, upon the stated terms of payment net by February 29, 1980.

The seeds were shipped pursuant to shipping instructions given February 26, 1980, on February 28, March 3, April 2, and June 16, 1980.

Debtor forwarded check to defendant dated March 31, 1980, in the amount of $45,570. The check was received by defendant and deposited in its bank account on April 3, 1980. The check cleared on April 11, 1980.

Debtor filed its petition for relief under the Bankruptcy Code on June 30, 1980.

Plaintiff contends that the payment was a preferential transfer under 11 U.S.C. § 547(d).

Defendant concedes that the elements of preferential transfer exist excepting that the transaction comes within the exception of 11 U.S.C. § 547(c)(2) as a payment in the ordinary course of business made not later than 45 days after the debt was incurred.

Plaintiff maintains that the debt was incurred within the meaning of the Code exception when debtor became obligated by the binding contract to pay for the seed, that is, when the contracts were made both of which were made outside of the 45 day period. Defendant argues as one ground of defense that the debt was incurred when the seed was shipped.

The only decision of a higher court bearing upon this question found is *In re Emerald Oil Co., Sandoz, plaintiff v. Fred Wilson Drilling Company, defendant,* 695 F.2d 833, 10 B.C.D. 132 (5th Cir.1983) After analyzing the purpose of the exception and citing views of commentators including Collier, as well as several bankruptcy court decisions, the Fifth Circuit adopted the view that a debt is incurred for the purposes of § 547(c)(2) "... on the date that the debtor becomes liable for it—when a resource is consumed or a service performed—not the date that the creditor chooses to bill the debtor." This Court adopts the view of the Fifth Circuit and applying their test to the facts of this case concludes that the debt was incurred when the seeds were shipped pursuant to the debtor's instructions between February 28th and June 16th, 1980, all of which dates are within the 45 day exception period.

It follows that judgment should be entered for defendant.